1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **CENTRAL DISTRICT OF CALIFORNIA**

10

11  LISA A. SLMANI,                      )  NO. ED CV 07-1081-E
                                         )
12                      Plaintiff,       )
                                         )
13       v.                              )  **MEMORANDUM OPINION**
                                         )
14  MICHAEL J. ASTRUE, COMMISSIONER      )  **AND ORDER OF REMAND**
    OF SOCIAL SECURITY ADMINISTRATION,   )
15                                       )
                                         )
16                      Defendant.       )
    _____ )

17

18       Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

19  HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

20  judgment are denied and this matter is remanded for further

21  administrative action consistent with this Opinion.

22

23                            **PROCEEDINGS**

24

25       Plaintiff filed a complaint on August 27, 2007, seeking review

26  of the Commissioner's denial of benefits.  The parties filed a consent

27  to proceed before a United States Magistrate Judge on September 25,

28  2007.  Plaintiff filed a motion for summary judgment on March 9, 2008.

1  Defendant filed a cross-motion for summary judgment on April 6, 2008.

2  The Court has taken both motions under submission without oral

3  argument.  See L.R. 7-15; "Order," filed September 4, 2007.

4

5                    **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

6

7         Plaintiff, a former receptionist, asserts disability since

8  September 13, 2003, based on vision impairments (Administrative Record

9  ("A.R.") 75-77, 95, 111, 358-59).  Undisputed evidence demonstrates

10  Plaintiff is blind in her left eye.  There exists conflicting evidence

11  regarding the severity of the vision impairment in Plaintiff's right

12  eye.  Three of Plaintiff's treating physicians, Dennis Chuck, Boban

13  Joseph, and Bhupat Desai, opined at one time or another that the

14  vision impairment in Plaintiff's right eye is of disabling severity

15  (A.R. 155, 281, 324).

16

17         The Administrative Law Judge ("ALJ") found Plaintiff can

18  perform her past relevant work as a receptionist (A.R. 15-19).  The

19  ALJ's decision does not mention Dr. Chuck by name and does not state

20  any specific reasons for rejecting the opinion of Dr. Joseph regarding

21  visual impairment.  Id.  The ALJ "presume[d] that Dr. Desai's

22  statement about visual acuity is based on subjective testing only"

23  (A.R. 16).  The ALJ also stated he rejected Dr. Desai's "statements of

24  disability as that determination is reserved to the ALJ" (A.R. 17).

25  The Appeals Council denied review (A.R. 4-6).

26  ///

27  ///

28  ///

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards.  See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

A treating physician's conclusions "must be given substantial weight."  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . .  This is especially true when the opinion is that of a treating physician") (citation omitted).  Even where the treating physician's opinions are contradicted,[1] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted);

---

[1]   Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

1 McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and

2 vague" reasons for rejecting the treating physician's opinions do not

3 suffice).

4

5      Section 404.1512(e) of 20 C.F.R. provides that the

6 Administration "will seek additional evidence or clarification from

7 your medical source when the report from your medical source contains

8 a conflict or ambiguity that must be resolved, the report does not

9 contain all of the necessary information, or does not appear to be

10 based on medically acceptable clinical and laboratory diagnostic

11 techniques."  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)

12 ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's

13 opinions in order to evaluate them, he had a duty to conduct an

14 appropriate inquiry, for example, by subpoenaing the physicians or

15 submitting further questions to them.  He could also have continued

16 the hearing to augment the record") (citations omitted); see also

17 Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a

18 special duty to fully and fairly develop the record and to assure that

19 the claimant's interests are considered").

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28      In the present case, the ALJ erred by rejecting the opinions of

4

1  Drs. Chuck, Joseph, and Desai without further explanation or inquiry.[2]

2  The ALJ cited Dr. Chuck's opinion regarding vision impairment of

3  disabling severity, but neither mentioned Dr. Chuck by name nor stated

4  specific, legitimate reasons for rejecting Dr. Chuck's opinion (A.R.

5  16).  The ALJ mentioned Dr. Joseph by name and acknowledged

6  Dr. Joseph's September, 2005 opinion that Plaintiff's vision

7  impairment is of disabling severity.  Yet, the ALJ stated no specific,

8  legitimate reasons for rejecting such opinion (A.R. 17).  As to

9  Dr. Desai, the ALJ erred by presuming (without further inquiry of

10  Dr. Desai) that Dr. Desai's opinion rested only on subjective report.[3]

11

12       When a court reverses an administrative determination, "the

13  proper course, except in rare circumstances, is to remand to the

14  agency for additional investigation or explanation."  INS v. Ventura,

15  537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

16  proper where, as here, additional administrative proceedings could

17  remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

18  _____

19       [2]     Contrary to Defendant's apparent argument, the mere
     contradiction of the treating physicians' opinions by Dr. Nafoosi,
20  a non-examining physician, cannot satisfy the requirement of
     stating specific, legitimate reasons.  The Administration always
21  must state specific, legitimate reasons for rejecting the
     contradicted opinions of treating physicians.  See, e.g., Lester v.
22  Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).

23       [3]     The ALJ's indication that he "also rejects [Dr. Desai's]
     statements of disability as that determination is reserved to the
24  ALJ" adds nothing material to the analysis.  Although the ALJ is
     correct that the ultimate issue of disability is reserved to the
25  Administration, the ALJ still must set forth specific, legitimate
     reasons for rejecting a treating physician's opinion that a
26  claimant is disabled.  See Rodriquez v. Bowen, 876 F.2d 759, 762
     n.7 (9th Cir. 1989) ("We do not draw a distinction between a
27  medical opinion as to a physical condition and a medical opinion on
     the ultimate issue of disability.").
28

599, 603 (9th Cir. 1989); <u>see generally</u> <u>Kail v. Heckler</u>, 722 F.2d
1496, 1497 (9th Cir. 1984).[4]

        The Ninth Circuit's decision in <u>Harman v. Apfel</u>, 211 F.3d 1172
(9th Cir.), <u>cert. denied</u>, 531 U.S. 1038 (2000) ("<u>Harman</u>") does not
compel a reversal rather than a remand of the present case.  In
<u>Harman</u>, the Ninth Circuit stated that improperly rejected medical
opinion evidence should be credited and an immediate award of benefits
directed where "(1) the ALJ has failed to provide legally sufficient
reasons for rejecting such evidence, (2) there are no outstanding
issues that must be resolved before a determination of disability can
be made, and (3) it is clear from the record that the ALJ would be
required to find the claimant disabled were such evidence credited."
<u>Harman</u> at 1178 (citations and quotations omitted).  Assuming,
<u>arguendo</u>, the <u>Harman</u> holding survives the Supreme Court's decision in
<u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002),[5] the <u>Harman</u> holding does not
direct reversal of the present case.  Outstanding issues still must be
resolved before a determination of disability can be made.  Further,
it is not clear from the record that the ALJ would be required to find
Plaintiff disabled for the entire claimed period of disability were
the opinions of the treating physicians credited.

///

**CONCLUSION**

_____

        [4]    The Court has not reached any of the other issues raised
by Plaintiff, except insofar as to determine that Plaintiff's
arguments in favor of reversal rather than remand are unpersuasive.

        [5]    The Ninth Circuit has continued to apply <u>Harman</u>, despite
<u>INS v. Ventura</u>.  <u>See</u> <u>Benecke v. Barnhart</u>, 379 F.3d 587, 595 (9th
Cir. 2004).

1        For all of the foregoing reasons, Plaintiff's and Defendant's

2   motions for summary judgment are denied and this matter is remanded

3   for further administrative action consistent with this Opinion.

4

5        LET JUDGMENT BE ENTERED ACCORDINGLY.

6

7        DATED:  April 14, 2008.

8

9                          _____/S_____

                                    CHARLES F. EICK
10                       UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28